UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JULIO TORAL,                          :
                                      :   Civil Action No. 09-1252 (SDW)
               Plaintiff,             :
                                      :
          v.                          :   **MEMORANDUM OPINION**
                                      :
UNITED STATES OF AMERICA,             :
                                      :
               Defendant.             :


**APPEARANCES:**

Plaintiff pro se
Julio Toral
NEOCC
2240 Hubbard Road
Youngstown, Ohio 44505

**WIGENTON,** District Judge

     Plaintiff Julio Toral, a prisoner confined at North Eastern
Ohio Correctional Center in Youngstown, Ohio, seeks to bring this
civil action asserting claims pursuant to 42 U.S.C. § 1983.

     Plaintiff has neither pre-paid the $350 filing fee nor
submitted an application for leave to proceed in forma pauperis.

     Civil actions brought in forma pauperis are governed by 28
U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.
No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which
amends 28 U.S.C. § 1915, establishes certain financial
requirements for prisoners who are attempting to bring a civil
action or file an appeal in forma pauperis.

     Under the PLRA, a prisoner seeking to bring a civil action
in forma pauperis must submit an affidavit, including a statement

of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e.  If the Court dismisses the case for any of these

2

reasons, the PLRA does not suspend installment payments of the
filing fee or permit the prisoner to get back the filing fee, or
any part of it, that has already been paid.

    If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that
was dismissed on the grounds that it was frivolous or malicious,
or that it failed to state a claim upon which relief may be
granted, he cannot bring another action in forma pauperis unless
he is in imminent danger of serious physical injury.  28 U.S.C.
§ 1915(g).

    As noted above, in this action, Plaintiff failed either to
prepay the filing fee or to submit a complete in forma pauperis
application as required by 28 U.S.C. § 1915(a)(1), (2), including
a certified account statement.  See, e.g., Tyson v. Youth
Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002) (detailing
the certification requirement); Johnson v. United States, 79
Fed.Cl. 769 (2007) (same).

    The allegations of the Complaint do not suggest that
Plaintiff is in imminent danger of serious physical injury.
Accordingly, this action will be administratively terminated for
failure to meet the filing fee requirement.

    In addition, the allegations of the Complaint suggest that
it is time-barred.  Plaintiff complains of events occurring
between October 27, 2003, and March 4, 2007.  The Complaint is

dated March 7, 2009, more than two years after the conclusion of the events complained of.  Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Plaintiff alleges no facts that would suggest a basis for statutory or equitable tolling.

Nor, in this action against the United States, does Plaintiff allege facts indicating that he has complied with the requirements of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.  To the extent Plaintiff seeks to assert a claim pursuant to the rule announced in Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), he has failed to name any individual federal defendants.  For all of these reasons, the Complaint as submitted appears to be dismissible for failure to

state a claim.   Accordingly, to the extent Plaintiff seeks to re-open this matter, he must submit a proposed amended complaint that addresses these deficiencies.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.   Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.

S/Susan D. Wigenton
Susan D. Wigenton
United States District Judge

Dated: March 25, 2009

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.   See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).